[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Date of Sentence January 31, 1997 Date of Application January 31, 1997 Date Application Filed February 4, 1997 Date of Decision October 22, 2002
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
Docket No. CR95-480189
Thomas Conroy, Esquire Defense Counsel, for Petitioner
Victor Carlucci, Esquire Assistant State's Attorney, for the State
Sentence Affirmed
BY THE DIVISION:
The petitioner sexually assaulted and stole the innocence of a young victim of the age of 9 years.
The gross facts of the case were exposed during the jury trial and the sentencing hearing which disclosed an additional pending case involving a 4 year old victim.
The victim told her grandmother that approximately six months prior, she had been raped by a man who had taken care of her while her mother was working. The man was Glen Bailey and he had ordered her into a bedroom and penetrated her digitally and orally and forced her to perform oral sex upon him. The victim repeated her story to various officers, social workers and hospital personnel. This happened on a least five occasions. CT Page 15334-hm
The victim was afraid, but did report these acts to her mother. Her mother only said that Bailey had done this to another child. The mother also reportedly beat the victim when told of the allegations.
Judge Spada clearly set out the rational supporting the imposition of a 40 year sentence when he stated: "To suggest that the be accorded leniency because of his age suggests that older predators should be accorded greater slack. This would send an undesirable signal. It may be an unpleasant future for the Defendant but it is one solely architected by him. A society which does not punish its child abusers and child predators seriously invites domestic disturbances and eventual extinction. The continuance of our society civilization (sic) requires eternal vigilance in the protection of our children. Predatory violations against our young children must be severely sanctioned."
The repugnancy of the facts of this case cover the methods by which sexual abuse may occur and are severely exacerbated by the tender year of the victim.
There are no factors to justify a reduction in the sentence imposed by the court.
This Division's authority to modify a sentence is limited, under Practice Book § 43-28 to those sentences which are disproportionate or inappropriate using the various criteria indicated.
In reviewing this sentence pursuant to § 43-28 of the Practice Book, this Division cannot conclude it was neither inappropriate nor disproportionate.
Accordingly, it is AFFIRMED.
 ___________________ FORD
 ___________________ O'KEEFE
 ___________________ HOLDEN
Judges Ford, O'Keefe and Holden, participated in this decision. CT Page 15334-hn